Mr. Justice MILLER,
after stating the case, delivered the opinion of the court:
It is clear, that neither the court below, nor this court, has jurisdiction of the case as between plaintiffs and Kelshaw.
But as the court might, under some circumstances, proceed to adjudicate on the rights of the parties properly before it, we must look into the case, so far as to see if it is one in which relief may be decreed, as between plaintiffs and Butterworth, without regard to Kelshaw.
Without referring to the numerous cases in this court and others, on the necessity of having all the proper parties before the court, in a suit in equity, and the circumstances under which the court -will proceed in some cases, without persons who might well be made parties, it is sufficient to say that, in the present case, we think Kelshaw is properly made a defendant to this suit. It is a debt which he owes which is sought to be collected. It is his insolvency which is to be established, and it is his fraudulent conduct that requires investigation.
If the conveyance to Butterworth shall be decreed to be set aside, and the property conveyed to him, subjected to the payment of plaintiffs’ debt, it is proper that Kelshaw should be bound by the decree; and to that end he ought to be a party.
It is not necessary to decide in this case, whether if Kelshaw were, in the language of the aet of February 28,1839, “ not an inhabitant of, or found within the district where the suit is brought,” the court could proceed without him; for the record shows that he was found within the district, and served there with process, and has answered the bill. Nor is it necessary, for the same reason, to inquire if the court could dispense with him as a party under the 47th rule prescribed by this court for the courts of equity of the United States. It is simply the case of a person made a defendant by the bill, who is also a proper defendant, according to the principles which govern courts of chancery as to parties, and who has been served with process within the district and *83 answered the bill; but whose citizenship is not made to appear in such a manner that the court can take jurisdiction of the ease as to him.
Under these circumstances, the court is of opinion that instead of a decree dismissing the bill on the merits, it should have been dismissed without prejudice for want of jurisdiction. The case will be remanded to the court below with leave to plaintiffs to amend their bill generally, and if they shall fail to do this it shall be dismissed without prejudice. Butterworth is entitled to his costs in this court.
Decree accordingly.